IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division



FILED
JAN 17 2008
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

J & J SPORTS PRODUCTIONS, INC., a
California Corporation,

Plaintiff,

v.                                                                      Civil Action No. 2:08cv29

PIZZA WHEEL, INC., a
Virginia Corporation,

Defendant.

Serve on:
Pizza Wheel, Inc.
c/o Frederick M. Saxton, Registered Agent
1007 East Bayview Boulevard
Norfolk, VA 23503

## COMPLAINT

Plaintiff, J & J SPORTS PRODUCTIONS, INC., by and through its undersigned attorneys, BUCCI & DIX, LLC, sues the Defendant, PIZZA WHEEL, INC., and for cause says:

### Jurisdiction

1. This action arises under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

2. Jurisdiction in this Court is proper under 28 U.S.C. §1331.

3. Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

### Parties

4.  The Plaintiff, J & J SPORTS PRODUCTIONS, INC. is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in CAMPBELL, CALIFORNIA.

5.  The Defendant, PIZZA WHEEL, INC. is a Virginia Corporation, doing business as PIZZA CHEF.

### Preliminary Background

6.  J & J SPORTS PRODCUTIONS, INC. entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the JANUARY 21, 2006, WBC International Super Featherweight Championship Fight Program featuring ERIK MORALES and MANNY PACQUIAO, II, including preliminary events (the boxing match and all related events are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout VIRGINIA (the "License Agreement"). J & J SPORTS PRODUCTIONS, INC. paid substantial fees for its license.

7.  J & J SPORTS PRODUCTIONS, INC. entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout VIRGINIA.

8.  The closed-circuit broadcast of the Event was not intended for the use of the general public. In VIRGINIA, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by J & J SPORTS PRODUCTIONS, INC.

9.  Pursuant to the License Agreement, J & J SPORTS PRODUCTIONS, INC. marketed and distributed the closed-circuit rights granted to it. J & J SPORTS PRODUCTIONS, INC., through its agents, contracted with various establishments throughout VIRGINIA and

granted to such establishments the right to broadcast the Event in exchange for a fee.

10. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

11. The transmission of the Event was available to the Defendant to purchase for broadcast in PIZZA WHEEL, INC. Had it done so, it would have been authorized to receive, transmit and publish the Event in PIZZA WHEEL, INC. Defendant did not, however, contract with J & J SPORTS PRODUCTIONS, INC. or any of its agents, to obtain the rights to broadcast the Event.

12. The establishments which contracted with J & J SPORTS PRODUCTIONS, INC. to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

13. On JANUARY 21, 2006, in violation of J & J SPORTS PRODUCTIONS, INC.'s rights and federal and state law, the Defendant willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendant assisted in the receipt of the interstate communication of the Event. The Defendant then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within PIZZA WHEEL, INC.

14. The Defendant misappropriated J & J SPORTS PRODUCTIONS, INC.'s licensed exhibition of the Event and infringed upon J & J SPORTS PRODUCTIONS, INC.'s exclusive rights while avoiding proper payment to J & J SPORTS PRODUCTIONS, INC. Defendant's actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

15. The Defendant enabled the patrons within PIZZA WHEEL, INC. to view the Event to which neither the Defendant nor the patrons were entitled to do.

16. The persons whom Defendant permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by J & J SPORTS PRODUCTIONS, INC.

17. The Defendant was not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

## VIOLATION OF 47 U.S.C. § 553

18. J & J SPORTS PRODUCTIONS, INC. hereby incorporates the allegations set forth in Paragraphs 1 through 17 above as if the same were fully set forth and realleged herein.

19. The Communications Act of 1934, as amended, 47 U.S.C. § 553 ("Section 553") provides, in relevant part:
> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

47 U.S.C. § 553(a)(1).

20. The Defendant's wrongful actions in connection with the Event, as described above, were in violation of Section 553.

21. Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) of [§ 553] may bring a civil action in a United States district court" to recover damages as described further in § 553(c).

22. J & J SPORTS PRODUCTIONS, INC. is a person aggrieved by Defendant's violations of Section 553, and it is therefore authorized to institute this action against the

Defendant to recover damages from the Defendant for his violations of Section 553 and his interference with J & J SPORTS PRODUCTIONS, INC.'s proprietary rights.

23. As a result of the Defendant's wrongful acts, J & J SPORTS PRODUCTIONS, INC. is entitled to the statutory damages provided for in Section 553.

24. Because of Defendant's wrongful actions, J & J SPORTS PRODUCTIONS, INC. is entitled to judgment against the Defendant for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii); (b) statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B); and (c) full costs, including reasonable attorney's fees, pursuant to § 553(c)(2)(C).

WHEREFORE, the Plaintiff, J & J SPORTS PRODUCTIONS, INC., requests that this Court enter judgment, jointly and severally, against Defendant, PIZZA WHEEL, INC., a Virginia corporation, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);

(c) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2)(C); and

(d) Such other and further relief as the Court deems just and proper.

## COUNT II

### VIOLATION OF 47 U.S.C. § 605

25. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 24 of the Complaint.

26. The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section 605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

47 U.S.C. § 605(a).

27. The Defendant's wrongful actions in connection with the Event, as described above, were in violation of Section 605.

28. Section 605(e)(3)(A) provides that "[a]ny person aggrieved by any violation of subsection (a) of this section...may bring a civil action in a United States district court..."

29. Section 605(d)(6) defines the term "any person aggrieved" as "any person with proprietary rights in the intercepted communication..."

30. By virtue of the License Agreement, J & J SPORTS PRODUCTIONS, INC. maintained proprietary rights in the intercepted communication of the Event. Therefore, J & J SPORTS PRODUCTIONS, INC. is an aggrieved person and is entitled to recover damages from the Defendant for his violation of Section 605 and his interference with J & J SPORTS PRODUCTIONS, INC.'s proprietary rights.

32. As a result of the Defendant's wrongful acts, J & J SPORTS PRODUCTIONS, INC. is entitled to the statutory damages provided for in Section 605.

33.     Because of Defendant's wrongful actions, J & J SPORTS PRODUCTIONS, INC. is entitled to judgment against the Defendant for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to § 605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to § 605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to § 605(e)(3)(B)(iii).

WHEREFORE, the Plaintiff, J & J SPORTS PRODUCTIONS, INC., requests that this Court enter judgment, jointly and severally, against the Defendant, PIZZA WHEEL, INC., a Virginia corporation, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

(c) Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

(d) Such other and further relief as the Court deems just and proper.


Dated: _Jan. 16_, 2008

J & J SPORTS PRODUCTIONS, INC.

BY: /s/

M. Scott Bucci (VSB #42636)
Bucci & Dix, LLC
The Fairfax Building at Johnston Willis
10710 Midlothian Turnpike, Suite 304
Richmond, VA 23235
T: (804) 897-3951
F: (804) 379-0173